Filed 9/20/21  P. v. Ackerman CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>       v.<br><br>GERALD FREDERICK ACKERMAN,<br><br>    Defendant and Appellant. | G060190<br><br>(Super. Ct. No. 19CR000572)<br><br>ORDER MODIFYING OPINION AND DENYING PETITION FOR REHEARING; NO CHANGE IN JUDGMENT |

It is ordered that the opinion filed August 27, 2021 be modified as follows:

On page 6, add the following new footnote 3 at the end of the text on the page:

[3]  Defendant argues that prejudice should be evaluated under the standard of *Chapman v. California* (1967) 386 U.S. 18.  We need not decide whether defendant raised a federal constitutional issue before the trial court, because even under the heightened standard of *Chapman*, the exclusion of Botero's testimony would have been harmless beyond a reasonable doubt.  As explained in the text, even if Correa's testimony had been completely rejected by the jury due to impeachment through Botero's testimony, there was more than substantial evidence supporting the convictions through other evidence.  (See *Delaware v. Van Arsdall* (1986) 475 U.S. 673, 684 [whether denying the defendant's opportunity to impeach a witness is

harmless depends on "the importance of the witness' testimony . . . , whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross-examination otherwise permitted, and, of course, the overall strength of the prosecution's case"].)

This modification does not effect a change in the judgment. The petition for rehearing is DENIED.

FYBEL, ACTING P. J.

WE CONCUR:

GOETHALS, J.

ZELON, J.*

*Retired Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>      v.<br><br>GERALD FREDERICK ACKERMAN,<br><br>   Defendant and Appellant. | G060190<br><br>(Super. Ct. No. 19CR000572)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Monterey County, Andrew G. Liu, Judge.  Affirmed.

Jonathan D. Roberts, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Amanda D. Cary and Lewis A. Martinez, Deputy Attorneys General, for Plaintiff and Respondent.

\*        \*        \*

After being stopped for shoplifting, defendant Gerald Frederick Ackerman drove his car toward the store's personnel. He was convicted of two counts of assault with a deadly weapon. Defendant challenges his convictions because the trial court excluded evidence that several years earlier, the same asset protection employee who stopped defendant had extorted money from another shoplifter. Any error in excluding that evidence was harmless because there was no reasonable probability that defendant would have obtained a more favorable verdict if the evidence had been admitted. Therefore, we affirm.

STATEMENT OF FACTS AND PROCEDURAL HISTORY

On January 14, 2019, defendant showed a receipt for various items in his shopping cart as he exited a Home Depot store in Salinas, California. However, defendant had not paid for the items. Rather, he had received the receipt from another person who had purchased the same items. "Double dipping" is a common way for people to shoplift.

Raul Correa, who worked in asset protection at the Home Depot in Salinas, identified surveillance camera footage from the store showing defendant stealing the items.

Correa saw defendant at the same Home Depot store the next evening, January 15, 2019. Correa identified himself and asked defendant to accompany him to the loss prevention office to discuss a theft committed the previous day. Defendant said, "'Yeah. I'm sorry for taking that yesterday.'"

In the office, Correa called the nonemergency number for law enforcement, and defendant provided his identification to Correa. Another Home Depot employee, Eric Johnson, was present while Correa and defendant were in the loss prevention office, pursuant to the store's policy. At about 9:30 p.m., defendant got up and left the office.

2

Correa and Johnson followed defendant out of the store; neither told defendant to stop or physically tried to stop him or block his path. Correa was wearing dark clothing; Johnson had an orange Home Depot apron over his clothing.

Once they were outside, Correa again called the nonemergency law enforcement number. Defendant got into a PT Cruiser parked directly in front of the store. The license plates on the car were covered with paper dealer plates; Correa lifted the paper and read the actual license plate number to law enforcement. Audio recordings of Correa's conversation with law enforcement were played at trial.

While Correa and Johnson were standing behind defendant's car, defendant started the car and drove away. Defendant made a large U-turn and, speeding up and revving his engine, drove directly toward Correa and Johnson. Correa and Johnson both jumped out of the way of the moving car. Defendant drove out of the parking lot. Correa identified surveillance camera footage from the store's parking lot showing the car driving toward Correa and Johnson, and the two men moving out of the way.

Defendant was stopped by the police later that night; various home improvement tools were found in the trunk of the car.

Defendant was charged in an amended information with two counts of assault with a deadly weapon (counts 1-2; Pen. Code, § 245, subd. (a)(1)); one misdemeanor count of shoplifting (count 3; *id.*, § 459.5, subd. (a)); and one misdemeanor count of driving with a suspended or revoked license (count 4; Veh. Code, § 14601.1, subd. (a)). The information alleged that defendant had served four prior prison terms (Pen. Code, § 667.5, subd. (b)) and, as to count 4, alleged that defendant had two prior convictions for violating Vehicle Code section 14601.1, subdivision (a).

A jury found defendant guilty of all charges. In a bifurcated proceeding, the trial court found all allegations regarding defendant's prior prison terms and Vehicle Code convictions to be true.

3

The trial court sentenced defendant to a total of five years in prison on counts 1 and 2, with consecutive sentences of six months each on counts 3 and 4. The trial court struck the Penal Code section 667.5 enhancements. Defendant appealed.

DISCUSSION

Defendant argues on appeal that the trial court erred by precluding him from presenting the testimony of a witness who would have challenged the credibility of one of the prosecution's key witnesses. We review the trial court's exclusion of evidence for abuse of discretion. (*People v. Vieira* (2005) 35 Cal.4th 264, 292.)

Prior to trial, the prosecution moved in limine to exclude testimony from Cynthia Botero based on late discovery and pursuant to Evidence Code section 352. Alternatively, the prosecution asked that, if Botero were permitted to testify, it should be permitted to impeach her with her previous convictions.[1]

According to defendant's trial counsel, Botero would testify that she was stopped by Correa for shoplifting at the Salinas Home Depot four or five years earlier, and that Correa agreed not to report the matter to the police if Botero paid him $100 cash, which she did because she was then on felony probation. Defense counsel argued that Botero's testimony "goes directly to Raul Correa's credibility if believed."

The trial court made the following ruling: "[U]nder [Evidence Code section] 352, this really strikes me as the kind of situation where we're getting into what courts have referred to as 'mini trials,' where then the defense will be offering evidence of this instance with Ms. Botero, the People would be then trying to counter that evidence

---

[1] Botero had been convicted of the following crimes: providing false identification to a peace officer, a misdemeanor, on April 17, 2012 (Pen. Code, § 148.9, subd.(a)); two counts of using forged, expired, or revoked access cards or card information, misdemeanors, on August 30, 2012 (*id.*, § 484g, subd. (a)); making a false report of a crime, a misdemeanor, on August 30, 2012 (*id.*, § 148.5); receiving stolen property, a felony, on March 20, 2014 (*id.*, § 496, subd. (a)); and destroying or concealing evidence, a misdemeanor, on August 27, 2014 (*id.*, § 135).

4

with whatever they can find.  [¶] The defense has some corroboration, although it's minimal, its relevance, its materiality, all that I think is outweighed by the potential for undue delay and prejudicial information . . . .  [¶] [M]aybe this is just worth noting and it's not necessarily factoring into my decision is that according to the People Ms. Botero has a lengthy record of dishonesty . . . .  [¶] So I guess I am considering that to some degree when I think about the probative value of this evidence and the materiality of it. [¶] So I'm going to grant the People's motion to exclude defense witness Cynthia Botero."[2]

Defendant contends the trial court erred in excluding Botero's testimony because it would have been relevant to the defense that Correa was lying about defendant attempting to hit him with his car.  Botero's testimony would have challenged Correa's credibility.  Defendant further contends Botero's testimony would not have confused the issues or created a mini-trial because Botero would not have challenged her previous convictions, that she was shoplifting from Home Depot when stopped by Correa, or that she had been on probation at the time.

As the court explained in *People v. Minifie* (1996) 13 Cal.4th 1055, "'Presentation of evidence at the heart of the defense would not have represented an "undue" consumption of time.  There was no risk of prejudice associated with the evidence.  . . . Evidence that [defendant] might have had reason to fear for his life would

---

[2]  The court initially relied additionally on Evidence Code sections 787 and 788 in excluding Botero's testimony.  "So first of all, I'm concerned about Evidence Code 787 which [provides:] . . . [']Subject to Section 788, evidence of specific instances of his conduct relevant only as tending to prove a trait of his character is inadmissible to attack or support the credibility of a witness.[']  [¶] And [Evidence Code section] 788 has to do with use of prior felony convictions.  [¶] So this strikes me as a specific instance of Mr. Correa's conduct being shown or offered to show that he's got the character of dishonesty with respect to those that he encounters maybe in his work, to attack or support his credibility.  Obviously to attack.  [¶] So I think [Evidence Code section] 787 requires preclusion of this evidence."  The court later noted for the record that Evidence Code section 787 cannot be used in criminal matters.

not have "confused the issue." It would have further illuminated the situation the jury was required to evaluate.'" (*Id.* at pp. 1070-1071.) We agree with this principle.

Furthermore, "reliance on Evidence Code section 352 to exclude evidence of marginal impeachment value that would entail the undue consumption of time generally does not contravene a defendant's constitutional rights to confrontation and cross-examination." (*People v. Brown* (2003) 31 Cal.4th 518, 545.)

The Attorney General relies on *People v. Jennings* (1991) 53 Cal.3d 334, 371-372, in which the California Supreme Court held the trial court did not err by denying the defendant's request to impeach certain prosecution witnesses with evidence they failed to declare income derived from prostitution when applying for county benefits. The court concluded the impeachment evidence was "only slightly probative of [the witnesses'] veracity," involved a collateral matter, and could have resulted in an undue consumption of time if the witnesses asserted their rights under the Fifth Amendment of the United States Constitution, which could require testimony by county welfare officials. (*People v. Jennings, supra*, at pp. 371-372.) *People v. Jennings* is distinguishable from the present case because the credibility of one of the primary prosecution witnesses was not a collateral matter, and there was no indication Botero would refuse to testify or that additional evidence relative to Botero's convictions would be required.

Nonetheless, we need not decide whether the trial court erred in excluding Botero's testimony, because any error would be harmless. "Error under Evidence Code section 352 is evaluated under the standard of harmless error set forth in *People v. Watson* (1956) 46 Cal.2d 818, 836. [Citations.] Under the *Watson* standard, reversal is required only if 'it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error.'" (*People v. Orey* (2021) 63 Cal.App.5th 529, 549.)

6

Defendant contends that if Correa's credibility were cast into doubt, there would have been a reasonable probability that at least one juror would have voted to acquit defendant on the charges of assault with a deadly weapon.  We disagree.  Even if Correa's testimony that defendant drove toward him in the Home Depot parking lot were discounted, Johnson's testimony, the video surveillance footage, and the audio recording of Correa's real-time communication with law enforcement were more than sufficient to support defendant's convictions on counts 1 and 2.  There is no reasonable probability that defendant would have obtained a more favorable result if Botero had been permitted to testify.

DISPOSITION

The judgment is affirmed.


FYBEL, ACTING P. J.

WE CONCUR:


GOETHALS, J.


ZELON, J.*

*Retired Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.